IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOHN FLYNN *et al.*, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. 1:08-CV-00858 |
| ) | |
| DOOLEY & KRETSCHMAN, INC. ) | Judge Paul L. Friedman |
| ) | |
| Defendant. ) | |
| ) | |

## ANSWER TO COMPLAINT

Defendant, Dooley & Kretschman, Inc. ("Defendant"), by and through its undersigned attorneys, hereby answers the Complaint in this action as follows:

### CAUSE OF ACTION
### Jurisdiction and Venue

1.   Denied.   The averments contained in Paragraph 1 state legal conclusions to which no response is required. To the extent these averments are deemed not to be legal conclusions, they are denied in their entirety. By way of further answer, the averments in Paragraph 1 contain references to a document that is a writing which speaks for itself. To the extent a response is required, Defendant denies and disputes Plaintiffs' characterization of the document in question.

2.   Denied.   Defendant is without sufficient information to admit or deny the averments contained in the first sentence of Paragraph 2 of the Complaint, and therefore denies these averments. The remainder of the averments contained in Paragraph 2 state legal conclusions to which no response is required. To the extent these averments are deemed not to be legal conclusions, they are denied in their entirety.

3. Denied. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 3 of the Complaint, and therefore denies these averments. The remainder of the averments contained in Paragraph 3 state legal conclusions to which no response is required. To the extent these averments are deemed not to be legal conclusions, they are denied in their entirety.

4. Denied. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 4 of the Complaint, and therefore denies these averments. By way of further answer, the averments in Paragraph 4 contain references to a document that is a writing which speaks for itself. To the extent a response is required, Defendant denies and disputes Plaintiffs' characterization of the document in question.

5. Denied. Defendant is without sufficient information to admit or deny the averments contained in Paragraph 5 of the Complaint, and therefore denies these averments. The remainder of the averments contained in Paragraph 5 state legal conclusions to which no response is required. To the extent these averments are deemed not to be legal conclusions, they are denied in their entirety.

6. Admitted.

7. Admitted.

**Violation Charged**

8. Denied. The averments in Paragraph 8 contain references to documents that are writings which speak for themselves. To the extent a response is required, Defendant denies and disputes Plaintiffs' characterization of the documents in question.

9. Denied. The averments in Paragraph 9 contain references to documents that are writings which speak for themselves. To the extent a response is required, Defendant denies and disputes Plaintiffs' characterization of the document in question.

10. Denied. The averments contained in Paragraph 10 state legal conclusions to which no response is required. To the extent these averments are deemed not to be legal conclusions, they are denied in their entirety.

11. Denied. The averments contained in Paragraph 11 state legal conclusions to which no response is required. To the extent these averments are deemed not to be legal conclusions, they are denied in their entirety. By way of further answer, the averments in Paragraph 11 contain references to documents that are writings which speak for themselves. To the extent a response is required, Defendant denies and disputes Plaintiffs' characterization of the documents in question.

12. Denied. The averments contained in Paragraph 12 state legal conclusions to which no response is required. By way of further answer, the averments in Paragraph 12 contain references to documents that are writings which speak for themselves. To the extent an answer is required, Defendant specifically denies that the total contributions due the IPF and IMI by Defendant for worked performed during the months of January 2001 through June 2003 as determined by the Audit amounts to $15,806.11. To the contrary, the Auditors incorrectly calculated the total contributions due, if any, the IPF and IMI by Defendant for worked performed during the months of January 2001 through June 2003.

3

13. Denied. The averments contained in Paragraph 13 state legal conclusions to which no response is required. By way of further answer, the averments in Paragraph 13 contain references to documents that are writings which speak for themselves. To the extent an answer is required, Defendant specifically denies that under the terms of the Plan and Trust Agreement adopted by the IPF and IMI, the Collective Procedures and ERISA, interest in the amount of $4,470.14, and an additional computation of interest in the amount of $4,470.14, calculated at the rate of 15 percent per annum from the due date has been assessed on such delinquent contributions determined by the Audit. To the contrary, the Auditors incorrectly calculated the total contributions due, if any, the IPF and IMI by Defendant for worked performed during the months of January 2001 through June 2003. As such, the calculations under the terms of the Plan and Trust Agreement adopted by the IPF and IMI, the Collective Procedures and ERISA are incorrect.

14. Denied. The averments contained in Paragraph 14 state legal conclusions to which no response is required. By way of further answer, the averments in Paragraph 14 contain references to documents that are writings which speak for themselves. To the extent an answer is required, Defendant specifically denies that Plaintiffs have been, and are, incurring additional attorney's fees as a direct result of Defendant's failure to make contributions in accordance with the terms and conditions of the Agreements. To the contrary, the Auditors incorrectly calculated the total contributions due, if any, the IPF and IMI by Defendant for worked performed during the months of January 2001 through June 2003.

WHEREFORE, Defendant prays that:

1. Plaintiffs' Complaint be dismissed with prejudice in its entirety, and that judgment be entered in Defendant's favor.

2. The Court deny Plaintiffs' requested relief.

3. The Court award Defendant its costs and attorney's fees.

4. The Court enter such other relief as deemed appropriate.

## AFFIRMATIVE DEFENSES

1. Plaintiffs' Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

2. Plaintiffs' Complaint, in whole or in part, should be dismissed because Plaintiffs' claims are barred by the applicable statute of limitations.

3. Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of estoppel.

4. Plaintiffs' Complaint, in whole or in part, is barred by the parties' course of dealing.

5. Plaintiffs' Complaint, in whole or in part, is barred by the doctrine of mistake.

6. Plaintiffs' Complaint, in whole or in part, is barred by Plaintiffs' fraud, misrepresentation and/or coercion toward Defendant.

7. Plaintiffs' Complaint, in whole or in part, is barred by Plaintiffs' unclean hands.

8. Plaintiffs' Complaint, in whole or in part, is barred by the illegality of the collective bargaining agreements Plaintiffs allegedly seek to enforce through this lawsuit.

9. Plaintiffs' Complaint, in whole or in part, is barred by Defendant's and/or others' compliance with applicable wage and benefit payment laws.

10. Plaintiffs' Complaint, in whole or in part, is barred by the impossibility of Defendant's compliance with the collective bargaining agreements Plaintiffs allegedly seek to enforce through this lawsuit.

11. Defendant specifically reserves the right to amend this Answer to add or delete affirmative defenses and/or counterclaims as additional investigation, discovery or circumstances may warrant.

OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.


By: _____/s/_____
John R. Woodrum, Esq.
D.C. Bar No. 933457
Fifth Floor
2400 N Street, N.W.
Washington, DC 20037
(202) 887-0855
john.woodrum@odnss.com

*Counsel for Defendant*


Dated: July 14, 2008

Of Counsel:

DAVIS, BUCCO & ARDIZZI
Paul A. Bucco, Esq.
Joseph R. Meiss, Esq.
Davis, Bucco & Ardizzi
10 E. 6th Avenue, Suite 100
Conshohocken, PA 19428
(610) 238-0880

6491941